United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ST. ANDRE,<br><br>      Plaintiff,<br><br>  v.<br><br>SHAWN SIMMONS, et al.,<br><br>      Defendants.<br>_____ | No. C 05-0018 MMC<br><br>**AMENDED ORDER OF DISMISSAL; DENYING APPOINTMENT OF COUNSEL; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

       Ted St. Andre, a California prisoner, filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983. Defendants are parole officers and employees of the parole unit involved in supervising plaintiff when he was released on parole. He has paid the filing fee.

       A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

       Plaintiff claims that defendants improperly found that he violated the terms of his

parole, which led to the revocation of parole and his current incarceration.  The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Claims that, if successful, would necessarily imply the invalidity of a prisoner's conviction or continuing confinement, as is the case here, must be brought in a habeas petition.  See Nelson v. Campbell, 124 S. Ct. 2117, 2122-23 (2004). Consequently, plaintiff's claims that defendants violated federal law by determining that he violated the terms and conditions or his parole are DISMISSED without prejudice to refiling in a habeas petition pursuant to 28 U.S.C. § 2254.

Plaintiff also sets forth a claim that defendant Shawn Simmons ("Simmons"), a parole officer, ordered someone in plaintiff's drug rehabilitation program to beat plaintiff up.  To whatever extent this allegation might state a cognizable claim, it cannot proceed at this time because more than 120 days have passed since plaintiff filed the complaint, and he has not served the complaint on Simmons.[1]  See Fed. R. Civ. P. 4(m).  Accordingly, this claim is DISMISSED without prejudice to refiling in an action in which he timely serves the complaint upon Simmons.

In light of the dismissal of this matter, the request for appointment of counsel is DENIED.  The application to proceed in forma pauperis is DENIED in light of plaintiff's payment of the filing fee.

The Clerk shall close the file.  This order terminates docket number 2 and any other pending motions.

IT IS SO ORDERED.

DATED: May 18, 2005

    /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

---

[1] As plaintiff is not proceeding in forma pauperis, plaintiff is responsible for service of the complaint.  See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).